## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **CAMFIL USA, INC.,** | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| **v.** | ) | **Civil Action No.** |
| | ) | |
| **DAMN INDUSTRIES LLC, d/b/a** | ) | |
| **DAMN FILTERS,** | ) | |
| | ) | |
| *Defendant*. | ) | |

## ORIGINAL COMPLAINT

Plaintiff Camfil USA, Inc. ("Camfil") hereby brings the present action against Defendant Damn Industries LLC, d/b/a Damn Filters ("Damn Filters"), and in support thereof, respectfully shows the Court as follows:

## INTRODUCTION

1.     This action for trademark infringement and dilution, related unfair competition claims, and patent infringement is brought against Damn Filters due to its refusal to cease using Camfil's valuable and famous trademarks and patented inventions.  Despite multiple pre-suit requests from Camfil, Damn Filters has failed to modify its website (www.damnfilters.com) to remove numerous references to Camfil's air filters bearing Camfil's trademarks, as well as to cease selling and offering to sell products that incorporate Camfil's patented technology and designs.  Accordingly, Camfil brings this action to enforce its trademark and patent rights.

2.     Camfil is the assignee or has the exclusive rights in the United States to use and enforce certain registered trademarks ("Asserted Marks"), including:

| Mark | U.S. Registration | Goods & Services | First Use in Commerce |
|---|---|---|---|
| **camfil** | Reg. No. 2,436,555 | Air filters and air condition filters for industrial and domestic use and parts and fittings therefor; air purifying units for industrial use; ventilating fans for commercial and industrial use; | Jun. 1, 1999 |
| FARR | Reg. No. 814,475 | Air cleaning and filtration equipment | Nov. 30, 1941 |
| GOLD SERIES | Reg. No. 2,550,433 | Air filters for industrial use in collecting dust | May 11, 1999 |

3.      Copies of the registrations for the Asserted Marks are attached as Exhibits A, B, and C, respectively.

4.      Camfil is also the owner of U.S. Patent Nos. 8,673,037; 9,174,155; 9,937,452; and D866,739 ("Asserted Patents").  Copies of the Asserted Patents are attached as Exhibits D, E, F, and G, respectively.

## PARTIES

5.      Camfil USA, Inc. is a corporation organized under the laws of Delaware.  Camfil has a business located at 3200 Nestle Road, Jonesboro, Arkansas 72401.

6.      Camfil is wholly owned by its parent company, Camfil Ventures, AB.  Camfil has the exclusive rights in the United States to use and enforce the trademarks and patents described herein.

7.      Upon information and belief, Defendant Damn Industries LLC is a limited liability company doing business as Damn Filters.  Damn Filters is organized under the laws of Kansas, with its principal place of business located at 2569 West Pawnee, Wichita, Kansas 67213, which is in Sedgwick County, in the District of Kansas.  Defendant Damn Filters may be served via its registered agent, Brandon Brigham, at 2569 West Pawnee, Wichita, Kansas 67213.

8.      Damn Filters is an original equipment manufacturer ("OEM") of dust collectors.

9.    Damn Filters makes and offers for sale dust collection equipment, including its Damn Industries Harvest Series H4 Dust Collector for Safe Work Environments.  *See* Exhibit H.

## JURISDICTION AND VENUE

10.    This Court has federal question jurisdiction over this case.  This Court has original subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a),(b).

11.    This Court has supplemental jurisdiction over the state and common law claims in this action pursuant to 28 U.S.C. § 1367(a) because those claims are so related to the Lanham Act claims so as to form part of the same case or controversy under Article III of the United States Constitution.

12.    Damn Filters has sufficient contacts with this State and district such that this Court's exercise of personal jurisdiction over them comports with traditional notions of fair play and substantial justice.  Damn Filters resides within the district.

13.    Venue is proper in this judicial district pursuant to 28 U.S.C. §§1391, 1400.

## FACTUAL BACKGROUND

14.    Camfil is a leading manufacturer of premium clean air solutions.  Camfil provides businesses with commercial and industrial systems for air filtration and air pollution control. Camfil serves and supports customers in a wide variety of industries, including blasting, welding and grinding, laser and plasma cutting, thermal/flame spray, pharmaceutical compounds, food processing, paper scrap systems, wood working, mining, chemical processing, agricultural seed processing, rubber grinding, fiberglass and fiberglass reinforced plastic.

15.    Camfil has generated millions in sales, contributing to a global net worth exceeding one billion dollars.  Camfil has extensively promoted its air purifying units and filters nationwide

through advertisements, packaging, on its Internet web site, and in social media.

16.    Camfil is a subsidiary of Camfil Ventures, AB, one of the world's largest air filter manufacturers, who acquired Farr Company, a major US manufacturer of air filters, in 2000. Camfil is a leading producer of air filters in the United States.

17.    Over the last several decades, Camfil and its affiliates have been awarded over a hundred United States patents and multiple trademarks.  Camfil is the assignee or has the exclusive rights in the United States to use and enforce the following registered trademarks that are at issue here (Exhibits A-C):

| Mark | Registration | Goods & Services | First Use in Commerce |
|------|--------------|------------------|----------------------|
| camfil | Reg. No. 2,436,555 | Air filters and air condition filters for industrial and domestic use and parts and fittings therefor; air purifying units for industrial use; ventilating fans for commercial and industrial use; | Jun. 1, 1999 |
| FARR | Reg. No. 814,475 | Air cleaning and filtration equipment | Nov. 30, 1941 |
| GOLD SERIES | Reg. No. 2,550,433 | Air filters for industrial use in collecting dust | May 11, 1999 |

18.    For decades, Camfil and its successors have used CAMFIL, FARR, and GOLD SERIES registered trademarks in connection with the sale and advertising of its air cleaning and filtration equipment and filters.  In addition, Camfil continues to use and has rights in the combination mark CAMFIL FARR.

19.    Pursuant to 15 U.S.C. §§ 1065 and 1115(b), Registration Nos. 2,436,555 (CAMFIL); 814,475 (FARR); and 2,550,433 (GOLD SERIES) have become "incontestable" and therefore serve as conclusive evidence of the validity of the registered marks and of the registrations of the marks, of the registrants' ownership of the marks, and of the registrants' exclusive right to use (or license) the registered marks in commerce in connection with the goods

listed in the registrations.

20.    Damn Filters is selling, offering for sale, importing, advertising and distributing products with the CAMFIL, FARR, and GOLD SERIES designations in this district and elsewhere in the United States.  Damn Filters' actions have been and are without license, consent or authorization of Camfil.  As explained above and shown in the image below, Damn Filters operates a website, www.damnfilters.com, on which customers in this district can directly purchase infringing CAMFIL, FARR, and GOLD SERIES designated products.

21.    Damn Filters' website advertises "FARR FILTERS" and "FARR GOLD SERIES" filters, as follows:



*See* Exhibit H (red annotations added).

22.    Damn Filters' website advertises "FARR" and "Camfil Farr" filters, as follows:



*See* Exhibit H (red annotations added).

23.    Damn Filters' website advertises "CAMFIL FARR" and "Farr" filters, where the "CAMFIL FARR" designation is as prominent as the "DAMN FILTERS" designation, as follows:



*See* Exhibit H (red annotations added).

24.    In addition, Damn Filters' website implies that that Damn Filters makes "Camfil Farr" products, as follows:

> In addition to Camfil Farr, we make OEM Replacement filters for all the top dust collectors and industrial ventilation in the industry today. We guarantee fit and function at an unbeatable price. If you don't see the industrial filter you need, call us today at (844) 605-3266. We can cross reference any filter for your specific industiral application.

25.    Damn Filters' selling, offering for sale, importing, advertising and/or distributing products with the CAMFIL, FARR, and GOLD SERIES designations in this district and elsewhere in the United States and worldwide, has been and is without the license, consent or authorization of Camfil.  Damn Filters' website prominently features the improper CAMFIL, FARR, and GOLD SERIES designations in font size as large as or larger than any other text on the website page, including but not limited to Damn Filters' own company name.

26.    Upon information and belief, Damn Filters' use of the CAMFIL, FARR, and GOLD SERIES designations is causing confusion in the marketplace and will continue to do so, thereby harming consumers and diminishing Camfil's brand equity, reputation and goodwill.

27.    Upon information and belief, consumers have been and are likely to mistakenly believe that Damn Filters' products using the CAMFIL, FARR, and GOLD SERIES designations are manufactured by, sponsored by, authorized by, approved by, or otherwise affiliated with Camfil when in fact, they are not.

28.    Upon information and belief, a consumer purchasing a Damn Filters filter might mistakenly believe that he or she was purchasing a product of the same quality as Camfil's products.

29.    Upon information and belief, the quality of Damn Filters' filters is materially different than the quality Camfil's customers have come to expect when purchasing and using a Camfil filter.

30.     Upon information and belief, as a result of Damn Filters' actions, consumers seeking filters of the quality indicated by the CAMFIL, FARR, and GOLD SERIES designations are likely to be diverted from Camfil to its direct competitor Damn Filters, and are likely to be misled about the nature, characteristics, quality, or source of Damn Filters' products.

31.     Damn Filters infringes Camfil's Asserted Patents by, without authority, making, using, offering to sell, or selling, within the United States or imports into the United States filters, including at least the following Damn Filters' Accused Products:

- Camfil Farr SKU:  325325-001 – Camfil Farr – OEM Replacement Filter;

- Camfil Farr SKU:  325325-002 – Camfil Farr – OEM Replacement Filter;

- Camfil Farr SKU:  325325-010 – Camfil Farr – OEM Replacement Filter; and

- Camfil Farr SKU:  325325-016 – Camfil Farr – OEM Replacement Filter.

*See* Exhibit H (excerpts of Damn Filters' website, screen-captured December 11, 2024).

### COUNT I
### (Federal Trademark Infringement and Unfair Competition)

32.     Camfil incorporates the allegations in all preceding paragraphs as if fully set forth herein.

33.     Damn Filters' unauthorized use of the CAMFIL, FARR, and GOLD SERIES designations in connection with filters constitutes a use in commerce of a reproduction, counterfeit, copy, or colorable imitation of the CAMFIL, FARR, and GOLD SERIES marks, including as identified in U.S. Trademark Registration Nos. 2,436,555 (CAMFIL); 814,475 (FARR); and 2,550,433 (GOLD SERIES), that is likely to cause confusion, or to cause mistake, or to deceive.

34.     Damn Filters' unauthorized use of the CAMFIL, FARR, and GOLD SERIES designations further constitutes a use in commerce of a word, term, name, symbol, or device, or some combination thereof, or a false designation of origin, false or misleading description of fact,

or false or misleading representation of fact, which is likely to cause confusion or mistake, or to deceive as to the affiliation, connection, or association among and between the parties and their respective services, or confusion or mistake as to the origin, sponsorship, or approval among and between the parties and their respective goods and services.

35.     Damn Filters' acts are intended to reap the benefit of the goodwill that Camfil has built up in its CAMFIL, FARR, and GOLD SERIES marks and constitute infringement of Camfil's trademark, unfair competition, and false designation of origin in violation of Section 32 and 43 of the Lanham Act, 15 U.S.C. §§ 1114 and 1125.

36.     Camfil has been, is now, and will be irreparably injured and damaged by Damn Filters' conduct as described above, and unless such conduct is enjoined by the Court, Camfil will suffer further harm to its registered trademarks, reputation, and goodwill.  This harm constitutes an injury for which Camfil has no adequate remedy at law, and it is entitled to preliminary and permanent injunctive relief pursuant to 15 U.S.C. § 1116, among other remedies.

37.     Based on the pre-suit notice and exchanges, Damn Filters' conduct is willful, deliberate, wanton, malicious, oppressive, in bad faith, and undertaken with knowledge and conscious disregard of Camfil's prior rights, and with full knowledge that Damn Filters' have no right, license, or authority to use Camfil's registered trademarks or any confusingly similar variant thereof.  Accordingly, Camfil is also entitled to a judgment of three times its damages and Damn Filters' profits, together with reasonable attorney fees and costs pursuant to 15 U. S.C. § 1117(a).

38.     In order to determine the full extent of damages, including Damn Filters' profits, Camfil is entitled to an accounting of all monies generated from the manufacture, importation, distribution and sale of the infringing filter products as alleged herein.

## COUNT II
### (Federal Trademark Dilution)

39.     Camfil incorporates the allegations in all preceding paragraphs as if fully set forth herein.

40.     Camfil's CAMFIL, FARR, and GOLD SERIES marks are famous and are entitled to protection under federal law.  Camfil has extensively and continuously promoted and used Camfil's CAMFIL, FARR, and GOLD SERIES marks in the United States.  Through that extensive and continuous use, Camfil's CAMFIL, FARR, and GOLD SERIES marks have become famous and well known in the United States.  Moreover, Camfil's CAMFIL, FARR, and GOLD SERIES marks became famous and acquired this secondary meaning before Damn Filters commenced its unlawful use of the trademarks and/or misleading uses thereof.

41.     Damn Filters' use of Camfil's CAMFIL, FARR, and GOLD SERIES marks in connection with an unrelated filters has blurred Camfil's CAMFIL, FARR, and GOLD SERIES marks and falsely signifies that Damn Filters is currently an authorized sales representative of Camfil.

42.     Further, Damn Filters' use of Camfil's CAMFIL, FARR, and GOLD SERIES marks has diluted them through tarnishment.  Damn Filters' use of Camfil's CAMFIL, FARR, and GOLD SERIES marks is likely to cause, and has caused, such dilution by blurring and tarnishment.

43.     Camfil is entitled to injunctive relief, to recover Damn Filters' profits, Camfil's damages in an amount to be proven at trial, enhanced profits and damages, costs, and attorney fees under 15 U.S.C. §§ 1125(c), 1116, and 1117.

**COUNT III:**
**(Trademark Infringement, Dilution, and Unfair Competition under Kansas Law)**

44.    Camfil incorporates the allegations in all preceding paragraphs as if fully set forth herein.

45.    This claim arises under K.S.A. 81-201 *et seq.* and Kansas state common law for trademark infringement, unfair competition, injury to business reputation, and dilution.

46.    Through Camfil's use of the CAMFIL, FARR, and GOLD SERIES marks in Kansas, Camfil possesses significant common law rights in the marks. Camfil's CAMFIL, FARR, and GOLD SERIES marks have become distinctive among Kansas consumers.

47.    Damn Filters has knowingly advertised and, on information and belief, sold filters in association with the CAMFIL, FARR, and GOLD SERIES marks in the State of Kansas. Damn Filters' adoption and use of the CAMFIL, FARR, and GOLD SERIES marks in association with filters have caused and are likely to cause further confusion, mistake or deception as to the source, sponsorship, or approval of Damn Filters' goods. Damn Filters' use of the CAMFIL, FARR, and GOLD SERIES marks in connection with Damn Filters' products is made with actual or constructive knowledge of Camfil's rights.

48.    Damn Filters willfully intended to trade on Camfil's reputation or to cause dilution of Camfil's famous marks.

49.    Damn Filters' acts as complained of herein have caused Camfil to sustain monetary damages, loss and injury in an amount to be determined at the time of trial. Damn Filters' acts have caused and, unless enjoined by this Court, will continue to cause Camfil to sustain irreparable damage, loss and injury for which Camfil has no adequate remedy at law.

50.    As a result of Damn Filters' unlawful acts of willful trademark infringement in connection with the sale, offering for sale and/or distribution of goods in various states and the

State of Kansas, Camfil is entitled to recover its damages, Damn Filters' profits, attorney fees and punitive damages.

## COUNT IV:
### (Patent Infringement of U.S. Patent No. 8,673,037)

51.    Camfil incorporates the allegations in all preceding paragraphs as if fully set forth herein.

52.    On March 14, 2014, U.S. Patent No. 8,673,037 (the "'037 patent" included as Exhibit D), titled "Air Filter with Balanced Seal" was duly and legally issued by the United States Patent & Trademark Office ("USPTO").  Camfil owns the '037 patent by assignment.

53.    The '037 patent is valid.

54.    The '037 patent is presumed valid.

55.    Damn Filters has committed acts of direct infringement, literally or under the doctrine of equivalents, of the '037 patent under 35 U.S.C. § 271(a), at least by making, using, selling, offering to sell, and/or importing into the United States filters, including at least the Accused Products as described herein.

56.    Support for the allegations of infringement may be found in the exemplary claim charts attached as Exhibit I.  These allegations of infringement are preliminary and are therefore subject to change.  As depicted in the charts and on information and belief as indicated, Damn Filters infringes Claims 1-3 and 5-8 of the '037 patent.

57.    Damn Filters has caused harm and continues to cause Camfil harm by direct infringement of the '037 patent.  Based on the pre-suit notice and exchanges, Damn Filters' infringement has been willful.

## COUNT V:
## (Patent Infringement of U.S. Patent No. 9,174,155)

58.     Camfil incorporates the allegations in all preceding paragraphs as if fully set forth herein.

59.     On November 3, 2015, U.S. Patent No. 9,174,155 (the "'155 patent" included as Exhibit E), titled "Air Filter with Balanced Seal" was duly and legally issued by the USPTO. Camfil owns the '155 patent by assignment.

60.     The '155 patent is valid.

61.     The '155 patent is presumed valid.

62.     Damn Filters has committed acts of direct infringement, literally or under the doctrine of equivalents, of the '155 patent under 35 U.S.C. § 271(a), at least by making, using, selling, offering to sell, and/or importing into the United States filters, including at least the Accused Products as described herein.

63.     Support for the allegations of infringement may be found in the exemplary claim charts attached as Exhibit I.  These allegations of infringement are preliminary and are therefore subject to change.  As depicted in the charts and on information and belief as indicated, Damn Filters infringes Claims 1-3 and 6-7 of the '155 patent.

64.     Damn Filters has caused harm and continues to cause Camfil harm by direct infringement of the '155 patent.  Based on the pre-suit notice and exchanges, Damn Filters' infringement has been willful.

## COUNT VI:
## (Patent Infringement of U.S. Patent No. 9,937,452)

65.     Camfil incorporates the allegations in all preceding paragraphs as if fully set forth herein.

66.    On April 10, 2018, U.S. Patent No. 9,937,452 (the "'452 patent" included as Exhibit F), titled "Air Filter with Balanced Seal" was duly and legally issued by the USPTO. Camfil owns the '452 patent by assignment.

67.    The '452 patent is valid.

68.    The '452 patent is presumed valid.

69.    Damn Filters has committed acts of direct infringement, literally or under the doctrine of equivalents, of the '452 patent under 35 U.S.C. § 271(a), at least by making, using, selling, offering to sell, and/or importing into the United States filters, including at least the Accused Products as described herein.

70.    Support for the allegations of infringement may be found in the exemplary claim charts attached as Exhibit I.  These allegations of infringement are preliminary and are therefore subject to change.  As depicted in the charts and on information and belief as indicated, Damn Filters infringes Claims 1-3, 6-10, and 13-17 of the '452 patent.

71.    Damn Filters has caused harm and continues to cause Camfil harm by direct infringement of the '452 patent.  Based on the pre-suit notice and exchanges, Damn Filters' infringement has been willful.

## COUNT VII:
## (Patent Infringement of U.S. Patent No. D866,739)

72.    Camfil incorporates the allegations in all preceding paragraphs as if fully set forth herein.

73.    On November 12, 2019, U.S. Patent No. D866,739 (the "'739 patent" included as Exhibit G), titled "Filter" was duly and legally issued by the USPTO.  Camfil owns the '739 patent by assignment.

74.    The '739 patent is valid.

75.    The '739 patent is presumed valid.

76.    Damn Filters has committed acts of direct infringement, literally or under the doctrine of equivalents, of the '739 patent under 35 U.S.C. § 271(a), at least by making, using, selling, offering to sell, and/or importing into the United States filters, including at least the Accused Products as described herein.

77.    Support for the allegations of infringement may be found in the exemplary claim charts attached as Exhibit I.  These allegations of infringement are preliminary and are therefore subject to change.  As depicted in the charts and on information and belief, Damn Filters infringes Claim 1 of the '739 patent.

78.    Damn Filters has caused harm and continues to cause Camfil harm by direct infringement of the '739 patent.  Based on the pre-suit notice and exchanges, Damn Filters' infringement has been willful.

## **DEMAND FOR JURY TRIAL**

79.    Camfil hereby demands a jury trial on all issues so triable.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Camfil USA, Inc. respectfully prays the Court:

A.    Grant judgment that Damn Filters has willfully (i) infringed Camfil's federally registered trademarks in violation of 15 U.S.C. §§ 1114(1) and 1125(a); (ii) diluted Camfil's federally registered trademarks in violation of 15 U.S.C. § 1125(c) of Title 15 in the United States Code; and (iii) violated Camfil's rights under Kansas law;

B.    Enter permanent injunctive relief enjoining Damn Filters from further infringing and diluting Camfil's marks and violating Camfil's rights under Kansas law;

C.    Enter an award of Damn Filters' profits, Camfil's actual or nominal damages in an amount to be proven at trial, punitive damages, exemplary damages, costs, prejudgment and post-judgment interest, and attorney fees pursuant to 15 U.S.C. §§ 1114(1), 1116, 1117, 1125, and common law;

D.    Grant judgment that Damn Filters has willfully infringed U.S. Patent Nos. 8,673,037; 9,174,155; 9,937,452; and D866,739;

E.    Enter permanent injunctive relief enjoining Damn Filters from further infringement of U.S. Patent Nos. 8,673,037; 9,174,155; 9,937,452; and D866,739;

F.    Enter an award of damages in an amount sufficient to compensate it for Damn Filters' infringement of U.S. Patent Nos. 8,673,037; 9,174,155; 9,937,452; and D866,739; including enhanced damages, together with prejudgment and post-judgment interest and costs in accordance with 35 U.S.C. § 284;

G.    Declare this case to be "exceptional" under 35 U.S.C. § 285 and award Camfil its attorney fees, expenses and costs incurred in this action; and

H.    Grant such further relief to which Camfil is justly entitled under law or equity.

Dated: December 20, 2024

Respectfully submitted,

By: */s/ Lynn D. Preheim*
Lynn D. Preheim, #13300
STINSON LLP
1625 N. Waterfront Parkway, Suite 300
Wichita, KS  67206-6620
Telephone: (316) 265-8800
Facsimile:  (316) 265-1349
Lynn.preheim@stinson.com

John A. Yates
Texas State Bar No. 24056569
jyates@pattersonsheridan.com
(*Pro Hac Vice pending*)

Kyrie K. Cameron
Texas State Bar No. 24097450
kcameron@pattersonsheridan.com
(*Pro Hac Vice pending*)

Keith Taboada
New Jersey State Bar No. 003041999
ktaboada@pattersonsheridan.com
(*Pro Hac Vice pending*)

Aaron D. Perkins
Texas State Bar No. 24048967
aperkins@pattersonsheridan.com
(*Pro Hac Vice pending*)

**PATTERSON + SHERIDAN LLP**
24 Greenway Plaza, Suite 1600
Houston, Texas 77046
Telephone: (713) 623-4844
Facsimile:  (713) 623-4846
*ATTORNEYS FOR PLAINTIFF*
*CAMFIL USA, INC.*